SEYFARTH SHAW LLP
Laura Maechtlen (SBN 224923) lmaechtlen@seyfarth.com
Pritee K. Thakarsey (SBN 266168) pthakarsey@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone:    (415) 397-2823
Facsimile:    (415) 397-8549

Attorneys for Defendants
UNITEDHEALTH GROUP INCORPORATED
(erroneously sued as United Health Group)
and OPTUM360 SERVICES, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIELLE CUMMINGS-REED, an individual,<br><br>Plaintiff,<br><br>v.<br><br>UNITED HEALTH GROUP; OPTUM30 SERVICES, INC., and DOES 2 through 50, Inclusive,<br><br>Defendants. | Case No. 2:15-cv-02359-JAM-AC<br><br>**DEFENDANT OPTUM360 SERVICES INC.'S NOTICE OF *EX PARTE* APPLICATION AND *EX PARTE* APPLICATION TO MODIFY ORDER REQUIRING JOINT STATUS REPORT; PROPOSED ORDER**<br><br>Complaint Filed:  October 7, 2015<br><br>Dept.:      Courtroom 6, 14th Floor<br>Judge:     Hon. John A. Mendez |

**TO THE HONORABLE COURT AND TO PLAINTIFF AND HER COUNSEL:**

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 16(b) and Local Rule 144(c), Defendant Optum360 Services, Inc. ("Defendant" or "Optum360") hereby applies *ex parte* to extend the time for the parties to submit a joint status report and Rule 26(f) discovery plan, set forth in the Court's November 11, 2015 Order Requiring Joint Status Report (Dkt. No. 2), by sixty (60) days or any date thereafter convenient for the Court.

1   This Application is based on this notice of *ex parte* application and *ex parte* application, the

2   declaration of Pritee K. Thakarsey, all papers and pleadings on file in this case, and any other evidence

3   which may be brought to the Court's attention at or before the time of the Court's ruling on this matter.

4   **APPLICATION TO TO MODIFY ORDER REQUIRING JOINT STATUS REPORT**

5   **I.    INTRODUCTION**

6   Pursuant to Federal Rule of Civil Procedure 16(b) and Local Rule 144(c), Defendant Optum360

7   Services, Inc. ("Defendant" or "Optum360") hereby applies *ex parte* for an order to extend the time for

8   the parties to submit a joint status report and Rule 26(f) discovery plan, set forth in the Court's

9   November 11, 2015 Order Requiring Joint Status Report, by sixty (60) days or any date thereafter

10   convenient for the Court.  Plaintiff was unwilling to stipulate to extending the time to file a joint status

11   report and Rule 26(f) discovery plan.  Good cause exists to modify the Court's November 11, 2015

12   Order because Optum360 filed a Motion to Compel Arbitration, which will be heard on January 26,

13   2015.  Extending the time for the parties to file a joint status report will also be in the interest of judicial

14   efficiency and efficiency for the parties.

15   **II.    STATEMENT OF FACTS**

16   From November 12, 2015 to December 1, 2015, Defendant had numerous communications with

17   Plaintiff's counsel regarding Defendant's position that the parties entered into a valid arbitration

18   agreement, and that the matter should be submitted to arbitration.  (Declaration of Pritee K. Thakarsey

19   ("Thakarsey Decl."), at ¶ 3.)  On December 1, 2015, Plaintiff concluded that she would not submit the

20   claim to arbitration.  *Id.*

21   On November 30, 2015, Plaintiff's counsel also requested that Defense counsel participate in a

22   Rule 26 conference.  (Thakarsey Decl., at ¶4.)  On December 2, 2015, Defendant informed Plaintiff's

23   counsel that its motion to compel arbitration was forthcoming, and a Rule 26 conference between the

24   parties should occur after the arbitration issue is resolved.  (*Id.*)  Defendant also explained that

25   participating in a Rule 26 conference prior to the determination of the motion to compel arbitration

26   could waive Defendant's right to arbitration.  (Id.)

27   On December 3, 2015, Plaintiff's counsel then requested to engage in a Rule 26 conference in

28   

2

1   order to take a Rule 30(b)(6) "deposition on the formation, presentation, and acceptance of the

2   agreement." (*Id.*)  On December 7, 2015, Defendant agreed to meet and confer on the limited discovery

3   related to the arbitration agreement, and to discuss the most efficient means of discovery, provided that

4   Plaintiff stipulates that Defendant has not waived its right to compel arbitration. (*Id.*)  On December 8,

5   2015, Plaintiff's counsel responded to Defendant's request by stating that the "proposal is not accepted.

6   I believe that we have concluded our meet and confer on the subject." (*Id.*)

7          After filing its motion to compel arbitration on December 14, 2015, Defendant notified Plaintiff

8   that it would file a request with the Court to continue the parties' deadline to submit a joint status report

9   and engage in a Rule 26 conference until after Defendant's motion to compel has been heard on January

10  26, 2015 and decided.  (Thakarsey Decl., at ¶ 5.)  Plaintiff refused to file a stipulated request.  (*Id.*)

11  **III.    ARGUMENT**

12         *Ex parte* applications are proper in routine scheduling matters where the opposing party has

13  notice. *See In re Intermagnetics Am., Inc.*, 101 B.R. 191, 193-94 (C.D. Cal. 1989).  Moreover, district

14  courts have inherent authority to continue proceedings.  "[T]he power to stay proceedings is incidental

15  to the power inherent in every court to control the disposition of the causes on its docket with economy

16  of time and effort for itself, for counsel, and for litigants." *Ortega v. J.B. Hunt Transp., Inc.*, 258 F.R.D.

17  361, 371 (C.D. Cal. 2009) (citing *Landis v. North Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed.

18  153 (1936)).

19         Scheduling orders entered before the final pretrial conference may be modified upon a showing

20  of "good cause." Fed. R. Civ. P. 16(b); *United States Fid. & Guar. Co. v. Lee Invs. LLC*, 2008 U.S.

21  Dist. LEXIS 100429, *69 (E.D. Cal. Dec. 2, 2008).  Thus, a court may grant an *ex parte* application to

22  continue court dates when good cause appears.  *See Richmond v. Mission Bank*, No. 14-cv-00184, 2014

23  WL 2002312, at *8 (E.D. Cal. 2014) (continuing the scheduling conference to "allow the pleadings to

24  become settled").  "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party

25  seeking the amendment."

26         Good cause exists here as it would be a waste of judicial resources and the resources of the

27  parties to submit a joint status report until the Court makes a determination regarding Optum360's

28

3

1    Motion to Compel Arbitration.  Commencing discovery without a determination as to the Motion to

2    Compel Arbitration would also be a waste of the parties resources at this stage.  If Defendant's Motion

3    to Compel Arbitration is granted, then the action will be stayed and the claims made in this lawsuit will

4    be submitted to arbitration under Optum360's Arbitration Policy.

5    **IV.**    **CONCLUSION**

6         For foregoing reasons, good cause exists to grant Optum360's *ex parte* application. Optum360

7    respectfully requests that the Court issue an order extending the time for the parties to file a joint status

8    report and Rule 26(f) discovery plan, set forth in the Court's November 11, 2015 Order Requiring Joint

9    Status Report (Dkt. No. 2), by sixty (60) days at dates and times convenient for the Court.

10    DATED: December 22, 2015             SEYFARTH SHAW LLP

11

12                                 By:        */s/ Pritee K. Thakarsey*

13                                    Laura Maechtlen

14                                    Pritee K. Thakarsey
                                     Attorneys for Defendants

15                                    UNITEDHEALTH GROUP INCORPORATED
                                   (erroneously sued as United Health Group)

16                                    and OPTUM360 SERVICES, INC.

17

18

19

20

21

22

23

24

25

26

27

28

4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## [PROPOSED] ORDER

Having considered the *ex parte* application, the Court grants Defendant Optum360 Services, Inc.

request to extend the time for the parties to submit a joint status report and Rule 26(f) discovery plan, set

forth in the Court's November 11, 2015 Order Requiring Joint Status Report (Dkt. No. 2), by sixty (60)

days. *Time will be extended to February 12, 2016.*

**IT IS SO ORDERED.**

DATED: *12-28-2015*

_____

Hon. Judge John A. Mendez

Judge Of The United States District Court

OPTUM360'S NOTICE OF *EX PARTE* APPLICATION AND EX PARTE APPLICATION TO MODIFY ORDER
REQUIRING JOINT STATUS REPORT / CASE NO. 2:15-CV-02359-JAM-AC

2363039v.1 / 023845-000809

1    SEYFARTH SHAW LLP
Laura Maechtlen (SBN 224923) lmaechtlen@seyfarth.com
2    Pritee K. Thakarsey (SBN 266168) pthakarsey@seyfarth.com
560 Mission Street, 31st Floor
3    San Francisco, California 94105
Telephone:   (415) 397-2823
4    Facsimile:    (415) 397-8549

5    Attorneys for Defendants
UNITEDHEALTH GROUP INCORPORATED
6    (erroneously sued as United Health Group)
and OPTUM360 SERVICES, INC.

7

8

9                         UNITED STATES DISTRICT COURT

10                        EASTERN DISTRICT OF CALIFORNIA

11

12    DANIELLE CUMMINGS-REED, an individual,      Case No. 2:15-cv-02359-JAM-AC

13                Plaintiff,      **DECLARATION OF PRITEE K. THAKARSEY IN SUPPORT OF**
14        v.      **OPTUM360 SERVICES INC.'S** *EX PARTE* **APPLICATION TO MODIFY ORDER**
15    UNITED HEALTH GROUP; OPTUM30      **REQUIRING JOINT STATUS REPORT**
SERVICES, INC., and DOES 2 through 50,
16    Inclusive,      Complaint Filed:  October 7, 2015

17             Defendants.      Date:        January 26, 2016
Time:       1:30 p.m.
18                                  Dept.:      Courtroom 6, 14th Floor
Judge:    Hon. John A. Mendez

19

20        I, Pritee K. Thakarsey, hereby declare as follows:

21           1.      I have personal knowledge of the matters stated herein, and if called to testify, I could

22    and would do so competently.

23           2.      I am employed by the law firm Seyfarth Shaw LLP, and I am one of the attorneys of

24    record for Defendants Optum360 Services, Inc. ("Defendant" or "Optum360").

25           3.      I am familiar with the communication with Plaintiff Danielle Cummings-Reed's counsel

26    in this matter.  From November 12, 2015 to December 1, 2015, Defendant had numerous

27    communications with Plaintiff's counsel regarding Defendant's position that the parties entered into a

28

1

1    valid arbitration agreement, and that the matter should be submitted to arbitration.  On December 1,

2    2015, Plaintiff concluded that she would not submit the claim to arbitration.

3        4.    On November 30, 2015, Plaintiff's counsel requested that Defense counsel participate in

4    a Rule 26 conference.  On December 2, 2015, Defendant informed Plaintiff's counsel that its motion to

5    compel arbitration was forthcoming, and a Rule 26 conference between the parties should occur after the

6    arbitration issue is resolved.  Defendant also explained that participating in a Rule 26 conference prior to

7    the determination of the motion to compel arbitration could waive Defendant's right to arbitration.  On

8    December 3, 2015, Plaintiff's counsel then requested to engage in a Rule 26 conference in order to take

9    a Rule 30(b)(6) "deposition on the formation, presentation, and acceptance of the agreement."  On

10   December 7, 2015, Defendant agreed to meet and confer on the limited discovery related to the

11   arbitration agreement, and to discuss the most efficient means of discovery, provided that Plaintiff

12   stipulates that Defendant has not waived its right to compel arbitration. On December 8, 2015, Plaintiff's

13   counsel responded to Defendant's request by stating that the "proposal is not accepted.  I believe that we

14   have concluded our meet and confer on the subject."  Attached as **Exhibit A** are true and correct copies

15   of my email correspondences with Plaintiff dated November 30, 2015 through December 8, 2015.

16       5.    After filing its motion to compel arbitration on December 14, 2015, Defendant notified

17   Plaintiff that it would file a request with the Court to continue the parties' deadline to submit a joint

18   status report and engage in a Rule 26 conference until after Defendant's motion to compel has been

19   heard on January 26, 2015 and decided.  Plaintiff refused to file a stipulated request.  Attached as

20   **Exhibit B** are true and correct copies of my email correspondences with Plaintiff dated December 14,

21   2015.

22       I declare under penalty of perjury under the laws of the State of California and the United States

23   of America that the foregoing is true and correct.

24       Executed on December 22, 2015 at San Francisco, California.

25

26                                                   _/s/ Pritee K. Thakarsey_
                                                      Pritee K. Thakarsey

27

28

                                              2

# Exhibit A

| | |
|---|---|
| **From:** | Christopher LeClerc <Chris@leclerclaw.com> |
| **Sent:** | Tuesday, December 01, 2015 10:37 AM |
| **To:** | Thakarsey, Pritee |
| **Cc:** | Maechtlen, Laura |
| **Subject:** | RE: Cummings-Reed v. Optum360 |

Hi Pritee: I understand that you believe it is unnecessary to have a Rule 26 conference because you believe that you have an agreement to arbitrate. However, the existence of an enforceability of such an agreement are each disputed issues. Rule 26 instructs that the conference should be held as soon as is practicable. Notwithstanding the Rule's directive, I understand your statement below to be a refusal to adhere. Do you have any statutory or legal justification for your refusal?

In terms of the arbitration provision, I do not believe that there is an agreement, and I do not believe that if there was an agreement, that it is conscionable. I had offered to consider a neutral arbitration forum with neutral rules, however it appears as though that is of interest to your client. Therefore, the decision is final.

Regards,

Christopher R. LeClerc, Esq.
*Le Clerc & Le Clerc LLP*
235 Montgomery Str., Suite 1019
San Francisco, CA 94104
Tel: 415.445.0900
Fax: 415.445.9977

Notice: The message and any file transmitted with it contain confidential information which may be subject to the attorney-client privilege, the attorney work-product privilege, or otherwise protected against disclosure or unauthorized use. The information contained in this message and any file transmitted with it is transmitted in this form based on a reasonable expectation of privacy consistent with ABA Formal Opinion No. 99-413. Any disclosure, distribution, copying, or use of the information by anyone other than the intended recipient is strictly prohibited. If you have received this message in error, please advise the sender by immediate reply and delete the original message and any attachments.

**From:** Thakarsey, Pritee [mailto:PThakarsey@seyfarth.com]
**Sent:** Tuesday, December 01, 2015 10:13 AM
**To:** Christopher LeClerc <Chris@leclerclaw.com>
**Cc:** Maechtlen, Laura <LMaechtlen@seyfarth.com>
**Subject:** RE: Cummings-Reed v. Optum360

Hi Chris,

We are in agreement regarding UnitedHealth Group.

We spoke to the client regarding arbitration. The client feels strongly about enforcing the arbitration agreement and its discovery provisions, as it has been upheld in its entirety numerous times. Please let us know if you will re-consider your position.

Also, it is unnecessary to have a Rule 26 conference pending resolution of the arbitration issue. Our client is traveling for the holidays for the next two weeks, but we will aim to file our motion to compel arbitration as soon as he returns. Again, we hope to get your agreement on this without resorting to motion practice.

Thanks.


**Pritee K. Thakarsey** | Associate | Seyfarth Shaw LLP
560 Mission Street | 31st Floor | San Francisco, California 94105-2930
Direct: +1-415-544-1084 | Mobile: +1-310-387-5331
pthakarsey@seyfarth.com | www.seyfarth.com

**Labor & Employment Team of the Year - _Chambers USA 2015_**

The information contained in this transmission is attorney privileged and/or confidential information intended for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited.

**From:** Christopher LeClerc [mailto:Chris@leclerclaw.com]
**Sent:** Monday, November 30, 2015 1:28 PM
**To:** Thakarsey, Pritee; Maechtlen, Laura
**Subject:** Cummings-Reed v. Optum360


Pritee: To follow up on our call from last week.  It appears as though the non-diverse United Health Group that exists and was served in the superior court action may not be the proper defendant.  We agreed that Plaintiff would pursue her claims against Optum360 for the time being, without naming the UnitedHealth Group Incorporated entity.  However, we both agreed that such decision would be without prejudice to naming them at a later date and that there would be no argument that Plaintiff did not timely add them to the case, or that there is prejudice that resulted from their being added later.

With respect to the motion to compel arbitration, you were going to check with your client regarding whether they would be willing to submit the matter to AAA under its standard employment rules.  If it is, let me know and I will talk to my client about it.

Lastly, Rule 26 instructs us that we should have our R26 conference as soon as is practicable.  Are you available next Monday or Tuesday?

Please confirm the above.  Regards,

Christopher R. LeClerc, Esq.
_Le Clerc & Le Clerc LLP_
235 Montgomery Str., Suite 1019
San Francisco, CA  94104
Tel: 415.445.0900
Fax: 415.445.9977

Notice:  The message and any file transmitted with it contain confidential information which may be subject to the attorney-client privilege, the attorney work-product privilege, or otherwise protected against disclosure or unauthorized use.  The information contained in this message and any file transmitted with it is transmitted in this form based on a reasonable expectation of privacy consistent with ABA Formal Opinion No. 99-413.  Any disclosure, distribution, copying, or use of the information by anyone other than the intended recipient is strictly prohibited.  If you have received this message in error, please advise the sender by immediate reply and delete the original message and any attachments.

# Exhibit B

| | |
|---|---|
| **From:** | Christopher LeClerc <Chris@leclerclaw.com> |
| **Sent:** | Monday, December 14, 2015 12:59 PM |
| **To:** | Thakarsey, Pritee |
| **Cc:** | Maechtlen, Laura |
| **Subject:** | RE: Court's November 13th Order |

Pritee: Thank you for reconsidering your position on the Court's Order. I had serious concerns as your intended non-compliance with the Order would have caused Plaintiff to not be in compliance either.

We will not be joining in the request, as we have discussed, as we are requesting to be permitted to conduct discovery on the issue of the arbitration agreement.

Regards,

Christopher R. LeClerc, Esq.
*Le Clerc & Le Clerc LLP*
235 Montgomery Str., Suite 1019
San Francisco, CA 94104
Tel: 415.445.0900
Fax: 415.445.9977

Notice: The message and any file transmitted with it contain confidential information which may be subject to the attorney-client privilege, the attorney work-product privilege, or otherwise protected against disclosure or unauthorized use. The information contained in this message and any file transmitted with it is transmitted in this form based on a reasonable expectation of privacy consistent with ABA Formal Opinion No. 99-413. Any disclosure, distribution, copying, or use of the information by anyone other than the intended recipient is strictly prohibited. If you have received this message in error, please advise the sender by immediate reply and delete the original message and any attachments.

**From:** Thakarsey, Pritee [mailto:PThakarsey@seyfarth.com]
**Sent:** Monday, December 14, 2015 12:39 PM
**To:** Christopher LeClerc <Chris@leclerclaw.com>
**Cc:** Maechtlen, Laura <LMaechtlen@seyfarth.com>
**Subject:** RE: Court's November 13th Order

Chris,

We plan on filing a request to continue the parties due date to submit the joint status report pending the motion to compel arbitration. Please let us know if you will agree to file a stipulated request.

Thanks.

**Pritee K. Thakarsey** | Associate | Seyfarth Shaw LLP
560 Mission Street | 31st Floor | San Francisco, California 94105-2930
Direct: +1-415-544-1084 | Mobile: +1-310-387-5331
pthakarsey@seyfarth.com | www.seyfarth.com

**Labor & Employment Team of the Year - *Chambers USA 2015***

1

The information contained in this transmission is attorney privileged and/or confidential information intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited.

**From:** Christopher LeClerc [mailto:Chris@leclerclaw.com]
**Sent:** Monday, December 14, 2015 11:58 AM
**To:** Thakarsey, Pritee
**Cc:** Maechtlen, Laura
**Subject:** Court's November 13th Order

Pritee:  What is your plan related to your unwillingness to have a Rule 26 conference?  Are you just not going to comply with the Order?

Regards,

Christopher R. LeClerc, Esq.
*Le Clerc & Le Clerc LLP*
235 Montgomery Str., Suite 1019
San Francisco, CA  94104
Tel:  415.445.0900
Fax:  415.445.9977

Notice:  The message and any file transmitted with it contain confidential information which may be subject to the attorney-client privilege, the attorney work-product privilege, or otherwise protected against disclosure or unauthorized use.  The information contained in this message and any file transmitted with it is transmitted in this form based on a reasonable expectation of privacy consistent with ABA Formal Opinion No. 99-413.  Any disclosure, distribution, copying, or use of the information by anyone other than the intended recipient is strictly prohibited.  If you have received this message in error, please advise the sender by immediate reply and delete the original message and any attachments.