UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIELLE CUMMINGS-REED, an individual,<br><br>             Plaintiff,<br><br>      v.<br><br>UNITED HEALTH GROUP, OPTUM360 SERVICES, INC., and DOES 2 through 50, Inclusive,<br><br>             Defendants. | No.  2:15-cv-02359-JAM-AC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO COMPEL ARBITRATION** |

Plaintiff Danielle Cummings-Reed ("Plaintiff") brought this action against Defendants UnitedHealth Group ("UHG") and Optum360 Services, Inc. ("Optum") ("Defendants") alleging workplace discrimination and wrongful termination, among other things (Doc. #1).  Defendants move to compel Plaintiff to submit her claims to arbitration and to stay or dismiss the case (Doc. #10).  Plaintiff opposes the motion (Doc. #13).[1]

   I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiff began working for Defendants in May 2014 as a

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for March 22, 2016.

1

1 | Patient Registration Manager.  See Exh. A to Declaration of
2 | Christopher Sprau ("Sprau Decl.") (Doc. #10-4); First Amended
3 | Complaint ("FAC") ¶ 16.  About two months later, Plaintiff began
4 | a pregnancy leave.  FAC ¶ 17.  In September 2014, Plaintiff told
5 | Defendants that "she was suffering from complications related to
6 | her delivery, and that she had an ongoing disability which arose
7 | out of her pregnancy and childbirth."  Id.  Defendants placed
8 | Plaintiff on a continuing leave.  Id.  In April 2015, Plaintiff
9 | told her supervisor that she could return to work soon but that
10 | she would need some accommodations because of her disability.
11 | Id. ¶ 18.  Plaintiff's supervisor allegedly told Plaintiff that
12 | "she would need to be released to return to work without any
13 | restrictions in order to return to work."  Id.  Plaintiff claims
14 | she told her doctor about this, and Plaintiff's doctor continued
15 | Plaintiff's disability and gave her a return-to-work date of July
16 | 30, 2015.  Id. ¶ 20.  Defendants allegedly called Plaintiff and
17 | told her that she "had been on leave too long" and she would be
18 | "administratively terminat[ed]."  Id. ¶ 21.  Plaintiff claims
19 | that her termination was "substantially motivated by her sex and
20 | pregnancy."  Id. ¶ 22.
21 |      Plaintiff brings six claims against Defendants:
22 | (1) discrimination on the basis of sex and disability in
23 | violation of the Fair Employment and Housing Act ("FEHA"),
24 | (2) failure to provide reasonable accommodations in violation of
25 | FEHA, (3) failure to engage in the good faith interactive process
26 | in violation of FEHA, (4) retaliation in violation of FEHA and
27 | California's Pregnancy Disability Leave Law ("PDLL"), (5) failure
28 | to prevent discrimination and relations from occurring in

1  violation of FEHA, and (6) wrongful termination in violation of
2  public policy.  Id. at 4-9.
3      Plaintiff filed her complaint in state court in October 2015
4  (Doc. #1).  Defendants removed the case to federal court based on
5  diversity jurisdiction (Doc. #1).

## II.   OPINION

### A.   Request for Judicial Notice

Defendants request that the Court take judicial notice of the American Arbitration Association Employment Arbitration Rules and Mediation Procedures.  Request for Judicial Notice ("RJN") at 1 (Doc. #10-2).  The Court GRANTS Defendants' request for judicial notice because the arbitration rules can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201.  Defendants also request judicial notice of orders granting UHG's motions to compel arbitration in two cases: Smith v. UnitedHealthcare Insurance Company, et al., San Francisco Superior Court, Case No. CGC-13-530626 (Jul. 22, 2013) and Pettersson v. UnitedHealthcare Insurance Company, et al., San Francisco Superior Court, Case No. CGC-13-529263 (Jun. 6, 2013).  RJN at 1-2.  Judicial notice of court records is routinely granted.  Rowland v. Paris Las Vegas, 2014 WL 769393, at *3 (S.D. Cal. Feb. 25, 2014) (citing Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635, n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir. 1981)).  Accordingly, the Court GRANTS Defendants' request for judicial notice of the orders compelling arbitration in the above two cases.

//

B. <u>Governing Law</u>

The parties disagree as to the law that governs this action. There is no choice-of-law provision in the arbitration agreement. Plaintiff argues that the California Arbitration Act ("CAA") applies, Opp. at 4, while Defendants argue that the Federal Arbitration Act ("FAA") governs, Reply at 1-2.

"[T]he FAA applies to employment contracts if the employment affects interstate commerce." <u>CarMax Auto Superstores Cal. LLC v. Hernandez</u>, 94 F. Supp. 3d 1078, 1100 (C.D. Cal. 2015). "[T]here is a strong default presumption that the Federal Arbitration Act, not state law, supplies the rules for arbitration." <u>Fid. Fed. Bank, FSB v. Durga Ma Corp.</u>, 386 F.3d 1306, 1311 (9th Cir. 2004) (internal quotation marks omitted).

Despite such rulings in the Ninth Circuit, California courts have held that the party asserting that the FAA applies bears the burden of establishing that the employment affects interstate commerce "by declarations and other evidence." <u>Hoover v. Am. Income Life Ins. Co.</u>, 206 Cal. App. 4th 1193, 1207 (2012). Under California law, the party arguing FAA applicability must show the employment contract's connection to interstate commerce either through the "nature of the employer's business" or the "scope of the employee's work." <u>Carbajal v. CWPSC, Inc.</u>, 245 Cal. App. 4th 227, 239, (2016). California courts, by placing the burden on the party seeking FAA applicability to prove that the FAA applies, eliminated the presumption that that the FAA, rather than a state arbitration law, applies to arbitration agreements.

4

1    This Court is bound by the Ninth Circuit, and not by
2 California courts interpreting the applicability of the FAA.
3 See Windmill Health Products, LLC v. Sensa Products, 2015 WL
4 6471180, at *3 (N.D. Cal. Oct. 27, 2015) ("[A] decision by the
5 Ninth Circuit that a state statute is preempted by federal law
6 is binding on district courts even where the highest court of
7 the state has held to the contrary.")  Even applying the
8 California rule, Defendants have met their burden to show that
9 the FAA applies.  Defendants' human resources operations
10 supervisor states that Defendants "operate in many states across
11 the country . . . and provide healthcare services to many
12 Americans nationwide."  Sprau Decl. ¶ 2.  The presumption of FAA
13 applicability coupled with evidence that Defendants operate
14 nationwide indicates that the FAA, and not the CAA, applies to
15 the arbitration policy.
16      C.   <u>Legal Standard</u>
17      The FAA permits a party "aggrieved by the alleged failure,
18 neglect, or refusal of another to arbitrate under a written
19 agreement for arbitration" to petition a district court for an
20 order compelling arbitration.  9 U.S.C. § 4.  The FAA created a
21 "strong federal policy favoring arbitral dispute resolution,"
22 Simula, Inc. v. Autoliv, Inc., 175 F.3d 716, 720 (9th Cir. 1999),
23 and courts have been directed to resolve "any doubts concerning
24 the scope of arbitrable issues . . . in favor of arbitration,"
25 Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp., 460 U.S. 1,
26 24-25 (1983).  As such, the party seeking to avoid arbitration
27 under the FAA bears the burden of proving that the claims are
28 unsuitable for arbitration.  Green Tree Fin. Corp.-Alabama v.

Randolph, 531 U.S. 79, 91-92 (2000). When deciding whether to compel arbitration, the court's sole role is "determining whether a valid arbitration agreement exists and, if so, whether the agreement encompasses the dispute at issue." Lifescan, Inc. v. Premier Diabetic Servs., Inc., 363 F.3d 1010, 1012 (9th Cir. 2004). As to the first step of the Lifescan analysis, arbitration agreements are to be placed on an "equal footing with other contracts." AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 339 (2011). Thus, written arbitration agreements are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "Under the FAA, general state contract law applies to determine whether an agreement to arbitrate is valid and enforceable." Raymundo v. ACS State & Local Sols., Inc., 2013 WL 2153691, at *2 (N.D. Cal. May 16, 2013).

   D.   Analysis

Plaintiff argues that that the arbitration policy she accepted upon employment with Optum is unenforceable because it is illusory and procedurally and substantively unconscionable. Plaintiff's Opposition ("Opp.") at 1. Plaintiff does not argue that she never accepted the arbitration policy or that the policy does not encompass this dispute.

      1.   Illusoriness

Under California contract law, an arbitration agreement is illusory and therefore unenforceable if "the employer can unilaterally modify it." Reyes v. United Healthcare Servs., Inc., 2014 WL 3926813, at *2 (C.D. Cal. Aug. 11, 2014) (citing Sparks v. Vista Del Mar Child & Family Servs., 207 Cal. App. 4th

1  1511, 1523 (2012)).  "However, 'the covenant of good faith and
2  fair dealing may save an arbitration agreement from being
3  illusory.'"  Id. (citing Peleg v. Neiman Marcus Grp., Inc., 204
4  Cal. App. 4th 1425, 1465 (2012)).
5      Section D of the arbitration policy in this case states:

> UnitedHealth Group reserves the right to amend, modify,
> or terminate the Policy effective on January 1 of any
> year after providing at least 30 days notice of its
> intent and the substance of any amendment, modification
> or termination of the Policy.

9  UnitedHealth Group Employment Arbitration Policy ("Arbitration
10 Policy") § D, attached to Declaration of Pritee K. Thakarsey as
11 Exh. A (Doc. #10-3).  The arbitration policy also states: "All
12 arbitrations shall be conducted in accordance with the Policy in
13 effect on the date the Corporate Legal Department receives the
14 Demand for Arbitration."  Arbitration Policy § E.[2]
15      Plaintiff argues that the modification provisions render
16 the arbitration policy illusory because they allow Defendants to
17 unilaterally modify the policy after they learn of a possible
18 claim but before the Corporate Legal Department has received an
19 official Demand for Arbitration.  Id.  Defendants argue that
20 "[a]llowing one party the power to modify an agreement does not
21 render the agreement illusory or unenforceable because it is
22 still subject to the implied duty of good faith and fair
23 dealing."  Reply at 3.
24      In Reyes v. United Healthcare Services, Inc., the court
25 found similar provisions to the modification provisions in this

---

[2] These two quoted segments of the arbitration policy will hereinafter be referred to as "the modification provisions."

7

case to be illusory because the agreement "allow[ed] the employer to manipulate the arbitration process, tailoring it to fit specific cases, either by making the process more difficult or expensive for the employee, or by revoking the Agreement in the belief that a judicial forum is preferable after it learns of a claim or a possible claim." Reyes, 2014 WL 3926813, at *2 (internal quotation marks omitted). The Reyes court stated that the agreement was illusory because the "modifications may apply to claims already accrued or known to United Health, provided that the claim was not *filed* until after the 30-day notice period." Id. at *3 (emphasis in original). The court held that "the implied covenant of good faith and fair dealing [could not] save" the arbitration policy from illusoriness because resolving the problems created by the modification provisions "would require alteration of the express terms of the Policy." Id.

    Prior to the Reyes decision, the district court in Wilson v. UnitedHealth Grp., Inc., enforced an arbitration agreement that allowed the employer to "amend, modify, or terminate the policy once a year as long as it [gave] its employees 30 days written notice." Wilson v. UnitedHealth Grp., Inc., 2012 WL 6088318, at *3 (E.D. Cal. Dec. 6, 2012). The Wilson court, however, did not address the issue of whether an "effective date" provision rendered the arbitration agreement illusory. The Reyes court did address this issue, and stated that because the employer could modify the arbitration agreement after claims accrued but had not yet officially been filed, the "covenant of good faith and fair dealing [could not] save it." Reyes, 2014 WL 3926813, at *3. This Court finds that the modification provisions render the

policy illusory and that the policy cannot be saved by the covenant of good faith and fair dealing.

Defendants argue that if the Court finds the modification provisions illusory, it should sever them from the arbitration agreement and enforce the rest of the contract. Reply at 3. A court may sever "flawed provisions" of an arbitration agreement "if they are merely collateral to the main purpose of the arbitration agreement." Totten v. Kellogg Brown & Root, LLC, 2016 WL 316019, at *18 (C.D. Cal. Jan. 22, 2016) (citing Davis v. O'Melveny & Myers, 485 F.3d 1066, 1084 (9th Cir. 2007)) (internal quotation marks omitted). Here, the main purpose of the policy is to compel employees to arbitrate; the modification provisions are merely ancillary to that purpose. Thus, this Court finds it is appropriate to sever the quoted modification provisions from the arbitration policy and enforce the rest of the contract.

### 2. Unconscionability

Unconscionability is a generally applicable contract principle under which an arbitration agreement may be revoked. Rent-A-Center, West, Inc., v. Jackson, 561 U.S. 63, 68 (2010). District courts deciding a motion to compel look to state law to decide issues of contract validity. Wagner v. Stratton Oakmont, Inc., 83 F.3d 1046, 1049 (9th Cir. 1996). The parties here do not dispute that California supplies the applicable contract law in this case. Under California contract law, to prove that an agreement is unconscionable, one must demonstrate that the agreement is both procedurally and substantively unconscionable. McMannus v. CIBC World Mkts. Corp., 109 Cal. App. 4th 76, 87 (2003). "California law utilizes a sliding scale to determine

1  unconscionability—greater substantive unconsciousability may
2  compensate for lesser procedural unconscionability." Chavarria
3  v. Ralphs Grocery Co., 733 F.3d 916, 922 (9th Cir. 2013).
4                    a. Procedural Unconscionability
5       "Procedural unconscionability concerns the manner in which
6  the contract was negotiated and the circumstances of the party
7  at the time.  Procedural unconscionability requires either of
8  two factors: oppression or surprise." Ferguson v. Countrywide
9  Credit Indus., Inc., 298 F.3d 778, 783 (9th Cir. 2002) (internal
10 quotation marks and citations omitted).  "'Oppression' arises
11 from an inequality in bargaining power which results in no real
12 negotiation and an absence of meaningful choice." Id.
13      Here, Plaintiff argues only that the policy is oppressive;
14 she does not present any claim regarding surprise.  Plaintiff
15 argues that the arbitration policy is oppressive because she had
16 to accept the arbitration policy as a condition of employment.
17 Opp. at 3.  Defendants argue that "arbitration agreements are
18 not invalid simply because they are imposed as a condition of
19 employment." Mot. at 7.
20      "[I]mpositon of [an arbitration] agreement as a condition
21 of employment is not *per se* oppressive." Mok v. Optum, United
22 Healthcare Servs., Inc., 2014 WL 10754130, at *2 (N.D. Cal. Feb.
23 10, 2014).  A take-it-or-leave-it employment agreement *is*
24 oppressive if the individual has "no bargaining power or
25 opportunity to opt out." Id.  Nevertheless, absent a separate
26 showing of surprise, the degree of procedural unconscionability
27 is low." Id. at *3.
28      The policy in this case states that "[a]cceptance of

10

employment . . . with UnitedHealth Group is deemed to be acceptance of this Policy." Arbitration Policy § A. There is no indication that Plaintiff had any bargaining power or the ability to negotiate the arbitration policy before accepting employment. Thus, the agreement is procedurally unconscionable. As noted above, however, Plaintiff does not attempt to make a separate showing of surprise. While the arbitration agreement is procedurally unconscionable, the degree of procedural unconscionability is too low to invalidate the entire agreement. See Mok, 2014 WL 10754130, at *3.

b. Substantive Unconscionability

Substantive unconscionability focuses on the results and outcomes of contracts. Armendariz v. Found. Health Psychcare Servs., Inc., 24 Cal. 4th 83, 114 (2000). A contract is substantively unconscionable and therefore unenforceable if it creates "overly harsh" or "one-sided" results. Id.

Plaintiff argues that the arbitration agreement is substantively unconscionable for five reasons: (1) it impermissibly limits class actions, (2) it is unilateral, (3) it is illusory, (4) it does not provide for adequate notice, and (5) it impermissibly limits discovery. Opp. at 3.

(i) Limitation On Class Actions

Plaintiff argues that the arbitration agreement is unconscionable because it "prohibits employees from filing . . . class action arbitrations against Optum." Opp. at 4; Arbitration Policy § B. Under the CAA, waivers of class action arbitration in contracts of adhesion are unconscionable. Discover Bank v. Superior Court, 36 Cal. 4th 148, 161 (2005). When an arbitration

11

agreement is governed by the FAA, however, the FAA preempts California's Discover Bank rule. Concepcion, 563 U.S. at 351. As discussed above, the FAA governs the arbitration policy in this case. Under the FAA and Supreme Court precedent, a restriction on class action arbitration does not render an arbitration agreement unconscionable. Id.

### (ii) Injunctive Relief

The arbitration policy states that both employees and the employer may seek injunctive relief in Court. Arbitration Policy § B. Plaintiff argues that while this provision is equitable on its face, it renders the agreement unconscionable because the provision has the "practical effect of being invoked only, or far more often, by the employer." Opp. at 5. Defendants argue that "the notion that Defendants are more likely to seek injunctive relief is questionable . . . [and] [e]mployees can and do seek preliminary injunctions." Reply at 2.

The plaintiff in the Mok case made the same argument as Plaintiff makes here. See Mok, 2014 WL 10754130, at *5. The Mok court found that the injunctive relief provision rendered the provision substantively unconscionable. See id. ("Injunctive relief clauses, which may appear bilateral on their face, have the practical effect of being invoked only, or far more often, by the employer. Accordingly, the provision is substantively unconscionable."). The Mok court also stated that "[t]he injunction provision can be severed and clearly is not the purpose of the agreement." Id. at *6. This Court agrees. The injunctive relief provision in the arbitration policy is, in effect, substantively unconscionable. The provision, however, is

12

not the main purpose of the policy, and the Court will therefore sever the following sentence without invalidating the rest of the policy: "In addition, this Policy does not preclude either an employee or UnitedHealth Group from seeking emergency or temporary injunctive relief in a court of law in accordance with applicable law."  Arbitration Policy § B.

### (iii) Illusoriness

As discussed above, the modification provisions render the arbitration agreement illusory, but the Court has found that these provisions should be severed rather than invalidate the entire agreement.

### (iv) Service of Process

The arbitration policy allows for employees to be served with "a written demand for arbitration" via certified or overnight mail to the "employee's last home address of record." Arbitration Policy § C(1)(b).  Plaintiff argues that this method of service violates employees' due process rights.  Opp. at 6.

Due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950).  In Mullane, the Court approved of providing notice through the mail.  Id. at 319.  The arbitration policy provides for notice to be sent the employee's address of record, which comports with the Mullane standard.  The method of service in the arbitration agreement does not render the agreement unconscionable.

1                      (v)   Discovery

2      Plaintiff argues that the arbitration policy's limits on
3 discovery render the agreement substantively unconscionable.
4 Opp. at 7.  The policy allows for one interrogatory, twenty-five
5 requests for production, and two depositions.  Arbitration Policy
6 § 14(a)-(c).  The policy also states that "[t]he arbitrator shall
7 have the authority to resolve all issues concerning discovery
8 that may arise between the parties."  Id. § 14(e).  Defendants
9 argue that section 14(e) gives the arbitrator "unrestricted
10 authority to allow for additional discovery," and that therefore
11 the discovery provisions are not unconscionable.  Reply at 4.

12      In reviewing nearly identical language regarding the
13 arbitrator's authority, the Mok court stated that the language
14 gave the arbitrator "discretion to order additional discovery"
15 and did not "require [the plaintiff] to show compelling or
16 substantial need in order to obtain such relief."  Mok, 2014 WL
17 10754130, at *4.  The Mok court held that the discovery
18 limitations were not unconscionable because the arbitrator
19 retained the power to order more discovery and because the
20 discovery provisions restricted both parties equally.  Id.  This
21 Court again finds the holding in Mok to be persuasive.  The
22 limitations on discovery do not render the arbitration agreement
23 substantively unconscionable.

24      E.   Severance

25      While the Court has found the arbitration policy is
26 illusory because of the modification provisions, those
27 provisions are severable.  The Court has also found that the
28 injunctive relief provision is unconscionable, but that too is

14

severable. Neither of these severable terms permeate the arbitration agreement with unconscionability and therefore the Court hereby exercises its lawful discretion to sever the modification provisions and the injunctive relief provision and enforce the remainder of the arbitration agreement.

### III. ORDER

For the reasons set forth above, the Court GRANTS Defendant's Motion to Compel Arbitration and dismisses this action without prejudice.

IT IS SO ORDERED.

Dated: April 29, 2016

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE